# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO
# CIVIL ACTION NO. 4:20CV-19-JHM

**ELIJAH M. LANDON**                                                            **PETITIONER**

v.

**STATE OF KENTUCKY COUNTY**
**OF DAVIESS FAMILY COURT** *et al.*                          **RESPONDENTS**

## MEMORANDUM OPINION

Elijah M. Landon initiated this *pro se* action by filing a document captioned as an "EMERGENCY PETITION FOR DECLARATORY RELIEF PURSUANT TO PUBLIC LAW 104-193 & Executive Order" (DN 1). Also written in the caption is the following:

> NOTICE OF REMOVAL TO A FEDERAL FORUM IN FACT UNDER TITLE 28 USC §§ 1332(a)(3); 1343(a)(1)(2)(3)(4); 1443(1)&(2); 1446(a); 18 USC § 3006A; PURSUANT TO FED. R. CRIM. P. 11 - PROSECUTORIAL MISCONDUCT AND TITLE 15 USC CHAPTER > 2 AND SUBCHAPTER> 1 § 57(b) AND 'RCFC' RULE 44 - PROOF OF OFFICIAL RECORD.

Landon references Daviess Circuit Court case number 14-CI-00298. The Court construes the document as a notice of removal of the state-court action. For the reasons stated herein, the Court will dismiss the notice of removal and remand the action to the Daviess Circuit Court.

## I.

In the notice, Landon, referring to himself as the "Petitioner/Father," states that he "poses the following 'Questions in Law' for this Honorable Court and presiding on duty Judge, to compel The STATE OF KENTUCKY, COUNTY OF DAVIESS, FAMILY COURT ET AL, (sub silento) hereinafter 'Respondent' to answer." He further states as follows:

> This honorable request and lawful demand for Declaratory Relief being brought pursuant to the provisions of public policy mandates under PUBLIC LAW 104 - 193 and Executive Order which is of grave concern to the rights of Petitioner's

personal property and/or proprietary interests by invoking Federal Supplemental Jurisdiction Title 28 USC § 1367 whereas, any application of the federal courts "domestic relations exception" would negate this courts responsibility to define and protect U.S. Federal public policy mandates applied to any State (cases or controversy) being deemed by Petitioner/Father as overly broad, vague, overreaching and violative/repugnant to The STATE OF KENTUCKY COUNTY OF DAVIESS FAMILY COURT. ET AL, de facto Constitution and states the following: PREAMBLE "THE CONSTITUTION DOES NOT PERMIT THE STATE TO PRESUME RATHER THAN PROVE A PARENTS' UNFITNESS SOLELY BECAUSE IT IS MORE CONVENIENT TO PRESUME THAN TO PROVE[.]

In a section concerning this Court's jurisdiction, Landon states as follows:

Respondent's et al., failed to render superfluous any future claim of absolute, qualified or sovereign immunity from suit when the Attorney General for the STATE OF KENTUCKY, COUNTY OF DAVIESS, FAMILY COURT., sub silento, ET AL / Respondents, failed to certify the Constitutionality of the acts committed against Petitioner and Petitioner's Daughter, D.F.L. within the 24 hour period under the Expeditious Act.

The District Courts of the "United" States has original jurisdiction under Article III §§ 1 & 2 as written in Title 28 USC §§ 1253; 1291; 1332; 1346; 1443; and or any other statutory provision not cited herein, to make a lawful determination of Petitioner/Father's rights and/or any grandparents rights under the Civil Rights Act (1871); The Judiciary Act (1789), 1 Stat. § 35 and the dejure U.S. Federal Constitution?

As his prayer for relief, Landon states as follows:

Grant this Transfer from (State) CS No. [14-CI-0298][1] to this federal forum Article III common-law Court and/or issue a Declaration of Rights specific to the nature and cause of actions contained within. and in line with the public policy of the U.S. federal governments mandates and Executive Orders signed by President Donald J. Trump. Entered on the 5th day of February, 2020. Of/By this presentment take Formal and Constructive Notice that, Elijah M. Landon in accordance with 28 USC § 1746(1) "without" the "United States" All rights reserved for D.F.L and the Landon Family, without recourse, UCC 1-308.

---

[1] Landon filed a motion seeking leave to file a redacted version of the notice of removal, in which the only change is to the Daviess Circuit Court case number indicated.

**II.**

Federal courts are under an independent obligation to examine their own jurisdiction. *United States v. Hays*, 515 U.S. 737, 742 (1995). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Section 1441 of Title 28 of the United States Code provides that "any civil action brought in a State court **of which the district courts of the United States have original jurisdiction**, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Therefore, a civil action may be removed from a state court only when the district court has original jurisdiction over the state-court action.

The party seeking to remove an action to federal court has the burden of establishing that the district court has original jurisdiction. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000); *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). Removal statutes should be narrowly construed because federal courts are courts of limited jurisdiction and because removal of a case raises significant federalism concerns. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 555 (6th Cir. 2005). The Sixth Circuit Court of Appeals follows a policy that "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (citation omitted).

In order to determine whether the case arises under federal law, a court looks only at the plaintiff's well-pleaded complaint. *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 10 (1983); *see also Gentek Bldg. Prods., Inc. v. Steel Peel Litig. Tr.*, 491 F.3d 320, 325

(6th Cir. 2007). "If the complaint relies only on state law, the district court generally lacks subject-matter jurisdiction, and the action is not removable. This makes the plaintiff the master of the complaint; the plaintiff may simply avoid federal jurisdiction by relying exclusively on state law." *Gentek Bldg. Prods., Inc.*, 491 F.3d at 325 (citations omitted). Generally, a state law claim cannot be re-characterized as a federal claim for the purpose of removal. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 515 (6th Cir. 2003). Here, Landon having not provided the complaint in the underlying action, the Court will look to the notice of removal.

Landon cannot remove the state-court action because this Court lacks subject-matter jurisdiction over this case. Federal courts do not have jurisdiction to resolve domestic relations matters. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *Catz v. Chalker*, 142 F.3d 279, 290 (6th Cir. 1998); *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995). "Rather, state courts have exclusive jurisdiction over these matters." *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003) (citing *Ankenbrandt*, 504 U.S. at 703-04). "Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones, federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relation issues." *Id*. (internal citations omitted). In determining whether the domestic relations exception applies, "we must focus on the remedy that the plaintiff seeks: Does the plaintiff seek an issuance or modification or enforcement of a divorce, alimony, or child-custody decree?" *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 797 (6th Cir. 2015) (citation omitted); *see also Alexander v. Rosen*, 804 F.3d 1203, 1206 (6th Cir. 2015) (holding that domestic relations exception did not apply where the federal court was not required "to apply [state] child custody law, question the state's calculation of child support payments, or otherwise address the merits of the underlying dispute").

Turning to the relief sought in the instant case, as his prayer for relief, Landon requests that this Court "[g]rant this Transfer from (State) CS No. [14-CI-0298] to this federal forum Article III common-law Court and/or issue a Declaration of Rights specific to the nature and cause of actions contained within." He asks the Court to rule on the constitutionality of the state court's determination of his parental unfitness. He also requests the Court to "make a lawful determination of Petitioner/Father's rights and/or any grandparents rights . . . ." While couching his complaint as alleging violations of his constitutional rights and federal statutes, Landon is actually challenging child custody determinations made by the state family court. *See Partridge v. State of Ohio*, 79 F. App'x 844, 845 (6th Cir. 2003) ("While Partridge attempts to assert civil rights claims, he essentially raises domestic relations issues by challenging Ohio court child custody and divorce decisions and by seeking relief in the form of shared custody of his children."). To award Landon the declaratory relief he seeks would require this Court to question the state family court's determinations and address the merits of Landon's family court proceeding. These considerations are what the domestic relations exception was designed to prevent. The Court therefore concludes that the domestic relations exception applies to this case, and the notice of removal must therefore be dismissed.

Furthermore, it is unclear whether the state-court proceeding is still pending or whether a final judgment has been entered. To the extent that Landon seeks this Court's involvement in any on-going family court proceeding, the doctrine of abstention pursuant to *Younger v. Harris* "requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008). *See Younger v. Harris*, 401 U.S. 37 (1971). Here Landon seeks declaratory relief. The Sixth Circuit has enunciated three factors used to determine whether to abstain from hearing

a case pursuant to *Younger*: "(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *O'Neill*, 511 F.3d at 643. Assuming that there is an on-going judicial proceeding, the Sixth Circuit has recognized that the realm of domestic relations is an important state interest. *Kelm*, 44 F.3d at 420 ("These traditional domestic relations issues qualify as important state issues under the second element of *Younger*."). Further, Landon has an adequate opportunity in the state proceeding to raise any constitutional challenges, as nothing bars him from appealing a family court order or judgment to the Kentucky Court of Appeals. Therefore, abstention is proper in this case.

To the extent that the state-court case has concluded, under the *Rooker-Feldman* doctrine, a federal district court may not hear an appeal of a case already litigated in state court. "A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923)). Therefore, to the extent that Landon is challenging the state court's decision in the family court action, the *Rooker-Feldman* doctrine bars such a claim.

Accordingly, the notice of removal must be dismissed for lack of subject-matter jurisdiction. The Court will enter a separate Order dismissing the action and remanding to the state court.

**III.**

For the foregoing reasons, the Court will dismiss the notice of removal and summarily remand the action to the Daviess Circuit Court pursuant to 28 U.S.C. § 1447(c) by separate Order of Remand.[2]

Date: March 5, 2020

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Elijah M. Landon, *pro se*
     Daviess Circuit Court
4414.010

---

[2] Because the Court lacks subject-matter jurisdiction, the Court will deny all pending motions as moot. However, the Court has reviewed all of Landon's filings and finds that they support dismissal for lack of subject-matter jurisdiction and remanding to the state court.